Jin v. Holder
BIA
Hom, IJ
A087 438 535

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of August, two thousand twelve.

PRESENT:
>        GUIDO CALABRESI,
>        RICHARD C. WESLEY,
>        DEBRA ANN LIVINGSTON,
>             *Circuit Judges.*

_____

MEI HUA JIN,
>        *Petitioner,*

>        v.                              11-5211
                                         NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Evan Goldberg, Law Office of
                         Theodore M. Davis, New York, New
                         York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Paul Fiorino,
                         Senior Litigation Counsel; Deitz P.

**Lefort, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Mei Hua Jin, a native and citizen of the People's Republic of China, seeks review of a November 21, 2011, decision of the BIA affirming the December 9, 2009, decision of Immigration Judge ("IJ") Sandy K. Hom, which denied her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Mei Hua Jin*, No. A087 438 535 (B.I.A. Nov. 21, 2011), *aff'g* No. A087 438 535 (Immig. Ct. N.Y. City Dec. 9, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per

curiam).  Jin effectively challenges two agency findings: (1) her testimony regarding her claim that she provided assistance to North Korean refugees in China was not credible; and (2) her testimony that she converted to Christianity in the United States did not establish a well-founded fear of persecution.

For asylum applications, such as Jin's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on the consistency between an applicant's written and oral statements, without regard to whether an inconsistency goes "to the heart of the applicant's claim."  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin,* 534 F.3d at 167.

Here, the agency reasonably found that Jin's testimony regarding her refugee assistance claim was incredible because her testimony that her interaction with the Chinese police ended with a stern warning was inconsistent with her asylum application, which stated that the "[p]olice were sent to arrest me, but I was able to avoid them."  *See Xiu Xia Lin,* 534 F.3d at 167.  Jin's arguments that this inconsistency was "a matter of semantics" and "too minor" to

3

support an adverse credibility determination are inadequate to establish that "no reasonable fact-finder could make such an adverse credibility ruling" based on the noted inconsistency. *Id.* (finding that "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible") (emphasis in original) (internal quotation marks omitted). Moreover, Jin's argument that the agency's adverse credibility determination was predicated on "improper factors," including her ability to reside safely in China for more than a year without arrest and her ability to leave China "without harassment by authorities," is not supported by the record, because the BIA did not rely on those factors in determining that the adverse credibility finding was not clearly erroneous, but rather found that these factors showed there was not a well-founded fear of future persecution even assuming credibility. Accordingly, because the totality of the circumstances supports the agency's adverse credibility determination, we defer to that finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.

The government's argument that Jin failed to exhaust her claim that she has a well-founded fear of persecution in

4

China based on her conversion to Christianity in the United States is unavailing because the BIA elected to address that argument, even though Jin did not raise it before the agency. *See Waldron v. INS*, 17 F.3d 511, 515 n. 7 (2d Cir. 1994). However, the agency reasonably determined that Jin failed to establish a well-founded fear of persecution on account of her practice of Christianity, because she failed to produce or cite any record evidence suggesting that Chinese authorities are either aware or likely to become aware of her practice of Christianity in the United States. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (per curiam).

Finally, Jin has waived her CAT claim and any challenge to the agency's finding that she did not establish past persecution in China. Furthermore, the failure of her asylum claims necessarily precludes success on her claims for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk